**O**

# United States District Court
# Central District of California

| | |
|---|---|
| EVERGREEN MARINE CORP. (TAIWAN) LTD.; EVERGREEN MARINE (UK) LIMITED; and EVERGREEN MARINE (SINGAPORE) PTE.  LTD.; a/k/a EVERGREEN LINE, | Case No. 2:15-cv-04963-ODW(FFM) |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [14]** |
| v. | |
| THUAN LOI SHIPPING, | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiffs Evergreen Marine Corp. (Taiwan) Ltd., Evergreen Marine (UK) Limited, and Evergreen Marine (Singapore) Pte. Ltd. (collectively "Evergreen") brought suit against Defendant Thuan Loi Shipping ("Thuan") seeking Declaratory Relief for agreed upon freight charges and cargo carried by Evergreen from Los Angeles, California to Ho Chi Minh City, Vietnam.  For the reasons discussed below, the Court **GRANTS** Evergreen's Motion for Default Judgment (ECF No. 14.) and enters a declaratory judgment set forth below.[1]

---

[1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.   FACTUAL BACKGROUND

In May and June 2013, Thuan, as the shipper, booked four containers of cargo for shipment with Evergreen for carriage from Los Angeles, California to Ho Chi Minh City, Vietnam.  (ECF No. 14, Attach. 5 Decl. of Yohana Tsai ["Tsai Decl."], ¶ 8.)   In accordance with the booking requested by Thuan, Evergreen designated Thuan as the shipper of the cargo.  (*Id*.)  Evergreen provided four of its containers to Thuan so that Thuan could load the cargo into the containers for carriage.  Evergreen then received the four containers from Thuan in Los Angeles, already sealed and loaded with cargo, and carried the containers on ocean-going vessels to Ho Chi Minh City, Vietnam pursuant to the terms and conditions of certain bills of lading issued by Evergreen to Thuan, and in consideration of freight and other charges.  (*Id*.)

The bills of lading issued by Evergreen for the aforesaid shipments (the "Bills of Lading") set forth the terms of carriage.  (Tsai Decl., Ex. B.)   Thuan was the designated shipper on the face of the Bills of Lading.  (clause 1(9).)

Thuan agreed in the Bills of Lading to be responsible for the payment of the freight and other charges including demurrage relating to the ocean carriage and/or storage, handling and transportation of the cargo.[2]  (*Id*. ¶ 13.)  Thuan also agreed to be responsible for charges arising from the failure to accept delivery, including, without limitation, demurrage.  (*Id*.)  Thuan has refused to accept delivery and Evergreen's containers and the cargo have been detained by Customs officials in Vietnam.  (*Id*.)

As a result of the failure of Thuan to accept delivery and/or the failure to arrange for the clearance and acceptance of delivery of the cargo by others, Evergreen has incurred damages, liabilities, charges, expenses, fees and costs, including without

---

[2] The term "demurrage" means damages owed by a charterer to a ship owner for the charterer's failure to load or unload cargo within the time specified in the charter party.  It also means the charge due for the late return of ocean containers after free time has expired.  *Mediterranean Shipping Co. (USA) v. Rose*, 2008 WL 4694758, at *3 (S.D.N.Y. Oct. 3, 2008).  Under well-established principles of admiralty law, demurrage is "extended freight."  *Ocean Transp. Line, Inc. v. Am. Philippine Fiber Indus., Inc.*, 743 F.2d 85, 92 (2d. Cir. 1984) (citations omitted); *Gulf Puerto Rico Lines, Inc. V. Associated Food Co., Inc.*, 366 F.Supp. 631, 635 (D.P.R. 1973).

limitation, demurrage, terminal handling charges, documentation fees, storage fees, and loss of use of the containers which remain in custody of Customs officials in Vietnam. (*Id*. ¶ 15.) As of August 11, 2015, there are demurrage, charges, expenses, fees and costs due and owing from Thuan to Evergreen in the amount of $146,579.67. These costs continue to accrue. (*Id*. ¶ 16.)

By letter dated March 27, 2015, Evergreen demanded payment from Thuan. (Tsai Decl., Ex. C.) To date, Thuan has failed to either accept delivery of the containers or arrange for their delivery from Customs officials in Vietnam, and has further failed to pay Evergreen the amount due. (*Id.* ¶ 17.)

The Complaint was filed on July 1, 2015. (ECF. 1.) Thuan was served with the Summons and Complaint on July 7, 2015. (ECF No. 14, Attach. 2 Decl. of Alan Nakazawa ["Nakazawa Decl."], Ex. B.) Evergreen requested entry of default on August 3, 2015 and served a copy of the Request for Entry of Default by mail on Thuan on the same date. (*Id*. ¶ 8.) The Clerk entered the default of Thuan on August 3, 2015, and a copy of the Default by Clerk was served on Thuan by mail on August 4, 2015. (*Id*. ¶ 9.) Thuan is neither a minor nor incompetent person and the Service Members Civil Relief Act does not apply. (*Id*. ¶ 21.) Evergreen now moves for default judgment on its First (Breach of Contract), Second (Money Due Under Marine Tariff) and Fifth (Declaratory Relief) Causes of Action. (ECF No. 14.)

## III. LEGAL STANDARD

FRCP 55(b) authorizes a district court to grant default judgment after the Clerk enters default under Rule 55(a). Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; and (4) that the defaulting party was properly served with notice.

A district court has discretion whether to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Upon default, the defendant's liability

generally is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

In exercising its discretion, a court must consider several factors, including: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The federal Declaratory Judgment Act provides that district courts "may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed. *McGraw-Edison Co. v. Preformed Line Products Co.*, 362 F.2d 339, 342 (9th Cir. 1966) (citation omitted).

## IV.   DISCUSSION

### A.   Service

The Court finds that service of the Summons and Complaint upon Thuan was proper, as Thuan was served both through an appointed agent and received substituted service through mailing to their place of business. (Nakazawa Decl., Ex. B.) All other requirements of Local Rule 55-1 have been met and are not in controversy.

/ / /

**B.    *Eitel* Factors**

The Court finds that the *Eitel* factors weigh in favor of default judgment.  The Court will discuss each factor in turn.

### 1.  Evergreen Would Suffer Prejudice

If default judgment is not entered against Thuan, Evergreen may be left with no recourse against Thuan and its efforts to collect monies owed will be severely prejudiced.  *PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### 2.  Evergreen Has Brought Meritorious Claims and the Complaint is Sufficient

The merits of the claim and the sufficiency of the Complaint weigh in favor of default judgment.  The Complaint sufficiently states a plausible claim for relief by alleging with sufficient particularity the elements for Evergreen's claim for breach of the Bills of Lading and for money due under marine tariff.  Further, the evidence submitted to the Court through the Declarations of Tsai and Nakazawa and the supporting exhibits establish the merit of the claims against Thuan and the amount of damages.

### 3.  The Amount at Stake Weighs in Favor of Default Judgment

Under the fourth *Eitel* factor, the Court considers the amount of money at issue in relation to a defendant's conduct.  In the case at hand, Thuan owes Evergreen demurrage and other charges in the amount of $146,579.67 as of August 11, 2015.  Evergreen performed all of its obligations under the Bills of Lading and Thuan benefitted from the carriage of the cargo.  Thuan did not pay Evergreen for its services.  The  Bills of Lading  required Thuan to pay demurrage and other charges relating to the carriage.  (Tsai Decl. ¶ 17.)  Thuan chose to ignore the terms of the Bills of Lading, the tariff and Evergreen's demands for payment.  The sum of money is reasonably proportionate to the harm caused by the conduct of the defaulting defendant and is properly documented by Evergreen.  *Gen. Emp. Trust Fund v.*

*Victory Bldg. Maint., Inc.,* 2007 U.S. Dist. LEXIS 35600 at \*12 (N.D. Cal. April 11, 2007); *Cotton v. Zitterman Bosh & Assoc.*, 2012 WL 3289921 at \*1 (D. Arizona Aug. 13, 2012).

Furthermore, under the terms of the Bills of Lading, Evergreen is also entitled to recover its attorneys' fees and costs incurred in collecting the outstanding freight and other charges.  Evergreen is entitled to attorneys' fees in the amount of $6,531.59 under Local Rule 55-3.[3]  Evergreen is also entitled to costs in the amount of $515.60.  (Nakazawa Decl. ¶ 13-16.)

### 4.  There is No Possibility of Dispute as to Material Facts

Thuan has not filed a responsive pleading or otherwise denied the allegations of the Complaint, so a dispute concerning the material facts is not likely.  Since the Clerk has already entered the default of Thuan, the well-pleaded factual allegations of the Complaint are deemed correct, except for those pertaining to damages.  Further, the evidence submitted by Evergreen supports its account of the events giving rise to the claim.  The slight possibility of a dispute of material facts favors default judgment. *Truong Giang Corp. v. Twinstar Tea Corp.,* 2007 WL 1545173, at \*12 (N.D. Cal. May, 29 2007).

### 5.  There is Little Possibility Default was Due to Excusable Neglect

Thuan has been properly served with the Summons and Complaint and has failed to answer or otherwise respond.  It has also been served with the Request for Entry of Default and the Default by Clerk.  (Nakazawa Decl. ¶ 6-9.)  Thuan has had adequate opportunity to challenge the claims.  Given the service of the Summons and Complaint and the notice provided to them of the entry of default, the possibility of excusable neglect is remote.

/ / /

/ / /

---

[3] When a promissory note, contract or applicable statute provides for the recovery of reasonable attorneys' fees, those fees shall be calculated as follows when judgment is over $100,000: $5,600 plus 2% of the amount over $100,000.  L.R. 55-3.

6. <u>Policy for Deciding on the Merits Weighs in Favor of Granting Default Judgment</u>

In *Eitel*, the court maintained that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, where, as is the case here, the defendant fails to answer the plaintiff's complaint, "a decision on the merits [is] impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177 ("Under Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action"). Furthermore, "when a defendant . . . [knows] that he has been sued . . . [it is] the defendant who seeks to prevent an adjudication on the merits." *Carol Gilbert, Inc. v. Haller*, 179 Cal. App. 4th 852, 865 (Cal. Ct. App. 2009). Accordingly, this factor does not preclude default judgment.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Evergreen's Motion for Default Judgment. (ECF No. 14.) Evergreen is granted demurrage and other charges in the amount of $146,579.67 and attorney's fees and costs in the amount of $7,047.19. A separate judgment will issue.

The Court further **ORDERS** the parties **TO SHOW CAUSE**, in writing, **by October 2, 2015**, why the third and fourth claims should not be dismissed without prejudice.

**IT IS SO ORDERED.**

September 18, 2015

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**